58 CCPA

**Application of Glenn E. IRISH.
Patent Appeal No. 8374.**

United States Court of Customs and
Patent Appeals.

Dec. 3, 1970.

———◆———

Dean Sandford, Brea, Cal., attorney of record, for appellant. Robert E. Strauss, Brea Cal., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Lutrelle F. Parker, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

Irish appeals from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, sustaining the rejection of all claims in his application.[1] The determinative issue is whether that rejection was based on grounds of obviousness over prior art under 35 U. S.C. §§ 102(e) and 103, or on double patenting grounds.

## THE INVENTION

The claimed invention relates to a variation of the retort process for the extraction of gaseous and liquid hydrocarbon products from carbonate-containing oil shale. Each claim recites the step of adding heated carbon dioxide gas to the retort eduction fluid. Further explanation is unnecessary.

## THE FIRST APPEAL

Appellant's parent application was filed approximately four weeks *after* an application[2] by one Deering, a co-worker of appellant. Both applications were assigned to the same corporation. Deering's application contained claims directed to essentially the same process as appellant's but did not include appellant's step of adding carbon dioxide to the eduction fluid.

The claims in appellant's parent case were rejected on double patenting grounds as unpatentable over the claims of Deering's application in view of two prior art patents. This rejection was affirmed on appeal to the Board of Appeals. Appellant thereafter filed a terminal disclaimer "to become effective at the termination date of any patent issued upon commonly assigned application Serial Number 13,508," and re-

1. Serial No. 461,588, entitled "Oil Shale Retorting Process", filed May 18, 1965, as a continuation-in-part of Application Serial No. 21,433, filed April 11, 1960.

2. Serial No. 13,508, filed March 8, 1960 (now abandoned).

quested the board to reconsider its decision in light of that disclaimer. The board looked upon the disclaimer as being untimely and refused the request. Appellant decided to have the issue considered in a new application and thus filed the instant application.

## THE PRESENT CASE

Upon the filing of the present application, and its consideration by the examiner, appellant was met with a continuation of the double patenting rejection (now over the claims of a corresponding continuation [3] of the original Deering application), a res judicata rejection and "a holding of waiver of right to have the Office consider the effect of the filing of the terminal disclaimer." The examiner added that

> Even if the terminal disclaimer were considered as to its effect upon the double patenting rejection, under the authority of Hays et al. v. Brenner, 148 U.S.P.Q. 365, the filing of said terminal disclaimer in the instant application is not sufficient to overcome the rejection, where, concededly, the claims are not patentably distinct from the claims of the Deering patent application.

On appeal, the examiner's holding of waiver was not sustained. However, the Board of Appeals specifically affirmed both rejections using the following reasoning:

> Appellant does not challenge the Examiner's finding that the claims are not patentably distinct from those in the Deering application (brief, p. 21) but contends, relying on [citations omitted], that his terminal disclaimer serves to overcome the rejection and presents a new record for our consideration. These decisions are not applicable here. The present applicant, Irish, concededly has added an obvious feature to a shale retorting process which is the invention of another, namely, Deering, and constitutes prior art under 35 U.S.C. 102(e) and there-

fore is available for consideration in a Section 103 obviousness rejection. A terminal disclaimer will not obviate a rejection for obviousness over prior art under 35 U.S.C. 103. .* * * The rejection under discussion must therefore be sustained.

Since under the present circumstances appellant's terminal disclaimer is of no effect, i. e., a nullity, the record may for practical purposes be regarded as substantially identical with that before us in the earlier appeal No. 189–62 (application Serial No. 21,433). This compels affirmance of the rejection on *res judicata*.

## OPINION

Before us, the parties are arguing totally divergent points of law. The reason for this is that each is taking a different interpretation of the board's opinion quoted above. The solicitor sees therein a rejection under 35 U.S.C. § 103, urging: "If the Board did not interpret the examiner's rejection as being based on Section 103, what reason could it have had for mentioning the availability of the Deering claims under that Section?" He goes on to assert that appellant does not "contest the holding of obviousness of his addition to the Deering Process." Appellant, on the other hand, strenuously argues that he was not apprised of any rejection under 35 U.S.C. § 103 and therefore cannot be held to have failed to contest the question of obviousness. His briefs are drawn primarily to the propriety of the double patenting and res judicata rejections.

Our consideration of the record compels us to agree with appellant on the question of what rejection is before us. It is clear, first of all, that the examiner made no rejection under section 103. If the board had intended to make such a rejection, the provisions of Patent Office Rule 196(b) would require that such have been made clear to appellant. The record shows that appellant specifically

---

3. Serial No. 470,281, filed May 13, 1965, now U.S. Patent No. 3,361,644, issued Jan. 2, 1968.

asked the board to clarify its holding and point out whether or not it intended to make a rejection under 35 U.S.C. § 103. Unfortunately, appellant went on and asserted that if an obviousness rejection were intended, it was wrong since the Deering application was not prior art under 35 U.S.C. § 102(e) because it was not a patent as required by that section. The board simply waited six months until that application had issued as a patent and dismissed appellant's arguments as moot. Aside from any consideration of the inherent fairness of such action, it does not satisfy us that an obviousness rejection was made, much less that appellant was apprised of such rejection.

■■ Contrary to appellant's assertion before the board, we see no reason why a *provisional* rejection under 35 U.S.C. § 103, based on the assumption that the Deering application would become prior art under 35 U.S.C. § 102(e) could not have been made in the present case. Compare In re Ornitz, 376 F.2d 330, 54 CCPA 1304 (1967). Nevertheless, the mere fact that such a rejection could have been made, even coupled with the board's assertion that the Deering application was prior art, does not require that this court rule that such rejection was made. See In re Borg, 392 F.2d 642, 55 CCPA 1021 (1968). Considering, therefore, only the double patenting rejection, it is readily apparent that since appellant's claims define a process which is not identical to the subject matter of the claims now appearing in the Deering Patent, the terminal disclaimer is effective to obviate that rejection. Since the question of the effect of the disclaimer was also clearly a new issue in the present application, the rejection on res judicata grounds was also improper. Ex parte Deering, 157 USPQ 164 (P.O.Bd.App.1967). See also, In re Herr, 377 F.2d 610, 54 CCPA 1315 (1967). Accordingly, the decision of the Board of Appeals must be and is reversed.

Reversed.